IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**Ronnie Gene King**                                                                                    **Plaintiff**

v.                                        No. 3:14–CV–002-JM-HDY

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                            **Defendant**

## Instructions for Recommended Disposition

The following recommended disposition will be sent to U.S. District Judge James M. Moody, Jr.  A party to this dispute may file and serve written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  Failing to object within 14 days may waive the right to appeal questions of fact.[2]  An objecting  party who seeks to submit new, different, or additional evidence, or to obtain a hearing for that purpose, must address the following matters as part of written objections: (1) why the record before the magistrate judge was inadequate, (2) why the evidence was not presented to the magistrate judge, and (3) details and/or copies of any testimony and/or documents

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

to be proffered at a hearing. Based on this submission, Judge Moody will determine the need for a hearing.

### Reasoning for Recommended Disposition

Ronnie Gene King seeks judicial review of the denial of his application for disability income benefits (DIB).[3] King last worked in December 2010 as a mall security guard.[4] He says he quit his job due to back pain,[5] but he also reported that he was fired after a dispute with his supervisor.[6] Although he continued to look for work,[7] he applied for DIB in July 2011 and claimed he is disabled due to back problems, depression, the residuals of a stroke, and an enlarged liver.[8] He claims he has been disabled since December 2010.

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined King has severe impairments — spinal disorder, history of fracture of nasal bone and jawbone, cardiomyopathies, cirrhosis of the liver,

---

[3] SSA record at p. 103 (alleging disability beginning Dec. 1, 2010).

[4] *Id*. at pp. 124, 133, 160 & 188. Prior to the security guard job, King worked as a ground crew member for a flying service for 14 years.

[5] *Id*. at pp. 35 & 123.

[6] *Id*. at p. 176.

[7] *Id*. at p. 35 (testifying in Jan. 2013 that he was still looking for work).

[8] *Id*. at p. 123.

central vascular event, mood disorder, anxiety disorder, pain disorder, and alcohol abuse disorder in remission — but he can do some medium work.[9] Because a vocational expert identified available work for a person with King's impairments,[10] the ALJ concluded that King is not disabled and denied the application.[11]

After the Commissioner's Appeals Council denied a request for review,[12] the ALJ's decision became a final decision for judicial review.[13] King filed this case to challenge the decision.[14] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[15]

---

[9]*Id*. at pp. 14 & 17.

[10]*Id*. at p. 44 (identifying commercial cleaner as available medium work).

[11]*Id*. at p. 23.

[12]*Id*. at p. 1.

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 1.

[15]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**King's allegations**. King contends he is unable to do medium work; he says he can do light work at most. If King can do light work, the medical-vocational guidelines direct a finding of disabled. Because King maintains he cannot do medium work, he maintains substantial evidence does not support the ALJ's decision.[16]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show King can do some medium work.[17] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."[18] The ALJ placed the following limitations on medium work:

(1) no ladder climbing,

(2) simple instructions and simple work related decisions,

(3) tasks learned by rote with few variables and requiring little judgment,

(4) few work place changes,

(5) incidental interpersonal contact, and

---

[16] Docket entry # 11.

[17] *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[18] 20 C.F.R. § 404.1567(c).

    (6) simple, direct, concrete supervision.[19]

Because King doesn't challenge the last five limitations — the limitations flowing from mental impairment — the court must determine whether a reasonable mind would accept the evidence as adequate to show King can do medium work that does not involve climbing ladders.

    **Substantial evidence exists**. King maintains the residuals of a stroke, vertigo, and bulging discs and degenerative disc disease in the neck and low back prevent him from doing medium work. King's subjective allegations are not enough to prove he cannot work. A determination about a claimant's ability to work must be supported by medical evidence.[20] The medical evidence in this case is insufficient for a reasonable mind to conclude that King is disabled. Instead, a reasonable mind would accept the evidence as adequate to show King can do medium work that does not involve climbing ladders.

    <u>Medical evidence</u>. The size of the agency record suggests substantial medical evidence, but close inspection shows no "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the

---

[19]SSA record at p. 17.

[20]42 U.S.C. § 423 (d)(5(A); *Flynn v. Astrue*, 513 F.3d 788, 792 (8th. Cir. 2008); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003); 20 C.F.R. § 404.1508.

pain or other symptoms alleged and which…would lead to a conclusion that [King] is under a disability."[21] The record consists of the following:

> (1) treatment record for January 2010 emergency room (ER) visit following an overdose of alcohol and anti-anxiety medication; King denied attempting suicide;[22]
>
> (2) treatment record for January 2010 ER visit for left side numbness; the attending physician determined King had a mini-stroke;[23]
>
> (3) treatment record for October 2010 ER visit after an ATV wreck; King had been drinking; he sustained a cut on a thumb, contusions to the chest and abdomen, and strain to a shoulder and the low back;[24]
>
> (4) May 2011 treadmill test; the test flowed from a report of being hit in the mouth during a fight;[25] test terminated early because of right leg pain;[26]
>
> (5) treatment records for July 2011 ER visit and followup treatment, after flipping his ATV; King had been drinking and broke his nose and jaw;[27]
>
> (6) treatment record for May 2012 ER visit for dizziness; the treating physician decreased his anti-anxiety medication; dizziness is a potential

---

[21] 42 U.S.C. § 423 (d)(5(A) (stating requirements for disability finding).

[22] SSA record at p. 257.

[23] *Id*. at p. 364.

[24] *Id*. at p. 336.

[25] *Id*. at p. 789.

[26] *Id*. at pp. 333-34.

[27] *Id*. at pp. 320, 410, 594-99 & 623.

medication side effect;[28]

(7) treatment record for August 2012 ER visit after drinking and falling off the porch; King sustained cuts across his nose and on his scalp;[29] and

(8) treatment records for October 2012 surgery and followup treatment for anal tears;[30] to the extent the surgery caused impairment, that impairment does not meet the duration requirement.[31]

In terms of impairment, the medical evidence establishes the following:

(1) <u>A source for periodic back pain</u>. Diagnostic imaging of the low back shows a moderate loss of disk height at level L5S1, a disk bulge and facet and ligamentum flavum hypertrophy at level L3/4, and a moderate loss of disk height and a disk bulge at level L4/5.[32] These medical findings establish a source for periodic back pain, but not pain preventing medium work because the imaging shows no canal stenosis or nerve root compromise.

Importantly, the imaging flowed from an ATV accident, not complaints of back pain. King sought no aggressive treatment for back pain. If King's pain was as severe as he alleges, he would seek regular medical treatment. His failure to seek regular medical treatment seriously undermines his claim, especially in light of his ability to obtain medical care. A reasonable

---

[28]*Id.* at p. 774.

[29]*Id.* at p. 749.

[30]*Id.* at pp. 799-805.

[31]*See* 42 U.S.C. § 1382c(a)(3)(A) (specifying duration requirement for disability benefits). *See also* 20 C.F.R. § 404.1505(a) ("The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.").

[32]SSA record at p. 352. *See also* p. 764 (imaging done 19 months later showed no deterioration).

mind would accept the diagnostic imaging as adequate to show King can do medium work.[33]

(2) <u>A source for periodic neck pain</u>. Diagnostic imaging of the neck shows a moderate loss of disc height at levels at C5/6 and C6/7 and a disc bulge at level C6/7.[34] Like the back findings, these medical findings flow from ATV accidents, not complaints of neck pain. King sought no treatment for neck pain. A reasonable mind would accept the imaging as adequate to show King can do medium work, because although the imaging establishes a source for possible neck pain, King does not base his claim in neck pain.

(3) <u>No significant residual of a mini-stroke</u>. Ten months before he stopped working, King had a transient ischemic attack or mini-stroke. A mini-stroke temporarily interrupts blood flow to the brain. Mini-stokes cause similar symptoms as a full-fledged stroke, but symptoms abate much more quickly, "usually within a few hours and sometimes as quickly as a few minutes."[35] That is what occurred in King's case. He presented to the

---

[33]*Accord Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) ("An ALJ may discount a claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment."); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (conservative course of treatment undermined claimant's claim of disabling back pain); *Smith v. Shalala*, 987 F.2d 1371, 1374-75 (8th Cir. 1993) (upholding credibility evaluation where claimant medical evidence did not support complaint of disabling back pain, claimant had not sought regular medical treatment, physicians only muscle relaxers and mild pain relievers when claimant sought treatment, physicians did not significantly restrict claimant's activities, claimant's activities were inconsistent with disabling pain, claimant did not appear uncomfortable sitting during the hearing, and no witness corroborated complaints of pain); *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988) ("A failure to seek aggressive treatment is not suggestive of disabling back pain.").

[34]SSA record at pp. 329 & 349.

[35]Laith Farid Gulli & Bilal Nasser, 2 The Gale Encyclopedia of Mental Health 1505 (3d ed.). *See also* Richard Robinson, Teresa G. Odle & Rebecca J. Frey, 5 The Gale Encyclopedia of Med. 4175 (4th ed.).

ER and complained about left side numbness and weakness.[36] His symptoms quickly resolved;[37] he was discharged with no restrictions.[38]

King's doctor recommended smoking cessation[39] — smoking increases the risk of a stroke, especially if the person drinks more than two drinks per day[40] — but King still smokes. His doctor also recommended a followup visit with a neurologist,[41] but the record shows no followup. The failure to follow treatment recommendations weigh against Kings' claim.[42] Subsequent diagnostic imaging — imaging used in diagnosing strokes — shows no evidence of stroke.[43] A reasonable mind would accept the evidence as adequate to show King can do some medium work despite a mini-stroke because his symptoms quickly resolved. King later worked as a security guard.

(4) <u>Periodic dizziness</u>. King complained to his primary care physician

---

[36]SSA record at p. 465.

[37]*Id*. at p. 471 (his symptoms developed suddenly — numbness and weakness on left side — but symptoms have resolved).

[38]*Id*. at p. 468.

[39]*Id*. at pp. 468 & 470.

[40]Richard Robinson, Teresa G. Odle & Rebecca J. Frey, 5 The Gale Encyclopedia of Med. 4176 & 4179 (4th ed.); Laith Farid Gulli & Bilal Nasser, 2 The Gale Encyclopedia of Mental Health 1506 (3d ed.).

[41]SSA record at p. 468

[42]*See Tome v. Schweiker*, 724 F.2d 711, 713-14 (8th Cir. 1984) ("The Secretary's regulations provide that a claimant who fails to treat a remediable condition without good reason is barred from entitlement to benefits."); 20 C.F.R. § § 404.1530 & 416.930 ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work."). *See also Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005) ("A failure to follow a recommended course of treatment also weighs against a claimant's credibility.").

[43]SSA record at pp. 325, 735, 761 & 766.

(PCP) about dizziness.[44] He says he uses a cane to walk because of dizziness.[45] Despite this allegation, King still drives.[46] Driving while relying on dizziness as a basis for disability undermines King's claim. King's PCP responded to King's complaint by ordering diagnostic imaging of the head and brain.[47] The imaging was normal.[48] To the extent King may experience periodic dizziness, the ALJ excluded work involving ladders. A reasonable mind would accept the evidence as adequate to support the decision because no medical evidence shows dizziness prevents King from working.

Medical experts reviewed the medical evidence and determined King can do the full range of medium work.[49] The ALJ relied on the medical opinion, but reduced medium work, accommodating periodic back pain and/or dizziness. The ALJ asked a vocational expert about the availability of work for a reduced range of medium work.[50] The vocational expert identified commercial cleaner as available work.[51] The vocational expert's response shows work exists in the national economy that King can do,

---

[44]*Id*. at pp. 783-84 & 786.

[45]*Id*. at p. 33.

[46]*Id*. at p. 34.

[47]*Id*. at p. 783.

[48]*Id*. at p. 735.

[49]*Id*. at pp. 397 & 733. The unfavorable decision refers to medium work with use of a cane, but the medical experts did not mention a cane. The difference constitutes a scrivener's error that has no bearing on the result in this case.

[50]*Id*. at p. 44 (reducing medium work by no ladder climbing and occasional crawling, stooping, bending, and crouching).

[51]*Id*.

regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[52]  Because such work exists, King is not disabled under social security law.  A reasonable mind would accept the opinion evidence as adequate to support the ALJ's decision.

## Conclusion and Recommendation

A reasonable mind would accept the evidence as adequate to support the ALJ's decision; thus, substantial evidence supports the decision.  The ALJ made no legal error.  For these reasons, the undersigned magistrate judge recommends DENYING King's request for relief (docket entry #2) and AFFIRMING the Commissioner's decision.

Dated this  7   day of October, 2014.

_____
United States Magistrate Judge

---

[52] 42 U.S.C. § 1382c(a)(3)(B).